FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 21  PM 12:47

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE H. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 04-2319 |
| PORT OF NEW ORLEANS BOARD OF COMMISSION | SECTION "F" (2) |

### ORDER AND OPINION ON MOTION

Plaintiff, Jessie H. Thompson, filed this action against his employer, the Board of Commissioners of the Port of New Orleans (" the Board"), alleging that he was subjected to race and age discrimination in his employment in violation of federal and Louisiana law. Complaint, Record Doc. No. 1. This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 12.

Defendant has filed a motion partially to dismiss plaintiff's complaint for lack of subject matter jurisdiction, Record Doc. No. 18, which is currently pending before me. Plaintiff filed an opposition memorandum. Record Doc. No. 23. Although oral

argument was initially requested, it was subsequently waived. Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED and that the complaint is dismissed in part for the following reasons.

## ANALYSIS

I. <u>Legal Standard for Motion to Dismiss</u>

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." <u>Lewis v. Fresne</u>, 252 F.3d 352, 357 (5th Cir. 2001); <u>accord</u> <u>Lovick v. Ritemoney Ltd.</u>, 378 F.3d 433, 437 (5th Cir. 2004).

"Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quotation omitted); <u>accord</u> <u>United States ex rel. Bain v. Georgia Gulf Corp.</u>, 386 F.3d 648, 653-54 (5th Cir. 2004).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. <u>Southern Christian Leadership Conference v. Supreme Court</u>, 252 F.3d

781, 786 (5th Cir. 2001). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Id.</u> (quotation omitted); <u>accord</u> <u>Lovick</u>, 378 F.3d at 437.

II.   <u>Title VII Claims Not Specified in the EEOC Charge Are Barred</u>

Defendant asserts in its motion that plaintiff has failed to exhaust his administrative remedies "with regard to many of the allegations contained in his complaint prior to filing suit as required by Title VII of the Civil Rights Act . . . ." Defendant seeks partial dismissal of plaintiff's complaint "to exclude all allegations of discrimination not investigated by the United States Equal Employment Opportunity Commission ("EEOC"), and narrow plaintiff's cause of action to include only the circumstances surrounding his denial of promotion, which occurred on April 3, 2003, and previously investigated by the EEOC," which defendant argues was the <u>only</u> discrimination claim submitted to the EEOC. Record Doc. No. 18 (Defendant's Motion to Dismiss at pp. 1 and 2.)

Plaintiff's arguments in his opposition memorandum are vague. Plaintiff argues in part that his "charge with the EEOC was motivated <u>by the continuing actions</u> of the defendants," that "all the allegations made by plaintiff are relevant to this matter," and implicitly that his EEOC charge was worded broadly enough to include more than the

single denial of promotion on April 3, 2003 that serves as the basis of defendant's motion. Record Doc. No. 23 (Opposition Memo at p. 4). Plaintiff also argues that the motion should have no effect on the continued validity of plaintiff's non-Title VII claims under 42 U.S.C. § 1983 or Louisiana state law. Id. at pp. 4 and 6; see Record Doc. No. 1 (Complaint at ¶'s 11 and 14). Nowhere in the opposition memo does plaintiff contest the authenticity or accuracy of the copy of the EEOC charge attached to defendant's motion.

While plaintiff's complaint filed in this court certainly focuses on the April 3, 2003, denial of a promotion, it also includes various additional allegations of employment discrimination. For example, the complaint intimates at Paragraph 3 that plaintiff was subjected to discrimination from the outset of his employment by defendant in 1978. At Paragraph 10 it alleges that plaintiff was "constantly overlooked when it came to promotions as a Mobility Equipment Shop Superintendent" and at Paragraph 12 that he was "treated differently from other employees in his group because of his race, color and/or age." The complaint further alleges at Paragraph 16 that plaintiff "has been passed over for promotion more than 3-4 times because of his race, color and age," but it does not specify the positions as to which he was not promoted.

It is uncontested that plaintiff's EEOC Charge of Discrimination signed by plaintiff, dated April 12, 2004, and attached to defendant's motion is true and correct. In that EEOC charge plaintiff identifies April 3, 2003, the day on which he was denied the specific promotion referenced in defendant's motion, as <u>both</u> the earliest and latest date the alleged discrimination took place. In specifying plaintiff's allegations, his EEOC charge also alleges: "I have been employed by the above named respondent since April 3, 1978, most recently as a Heavy Equipment Master Mechanical. The Respondent denied me <u>a</u> promotion that I was well qualified for. The reason Respondent gave was they selected <u>the</u> candidate they felt would perform the best as <u>Mobile Equipment Shop Superintendent</u>. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1963, as amended, because of my race, Black and the Age Discrimination in Employment Act because of my age, 58." <u>Id.</u> at p. 13, Defendant's Exhibit D-2 (Plaintiff's EEOC Charge of Discrimination) (emphasis added).

Filing a timely charge with the EEOC is a prerequisite to filing a Title VII lawsuit. 42 U.S.C. § 2000e-5(e)(1); <u>Celestine v. Petroleos de Venezuella SA</u>, 266 F.3d 343, 351 (5th Cir. 2001); <u>Messer v. Meno</u>, 130 F.3d 130, 134 (5th Cir. 1997). The Board makes no argument in this motion about the timeliness of plaintiff's charge or complaint. Instead, it argues only that some of plaintiff's Title VII claims must be dismissed because

they exceed the scope of his EEOC charge, and that his Title VII claim must be limited to the single denial of promotion alleged in his EEOC charge.

> The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. The scope of the inquiry is not, however, limited to the exact charge brought to the EEOC. EEOC charges are to be given a liberal construction, especially those authored by unlawyered complainants.

McDonald v. Southern Diversified Indus., Inc., No. 1:02CV186-D-D, 2003 WL 22244321, at *3 (N.D. Miss. Aug. 5, 2003) (Davidson, C.J.) (citing Thomas v. Texas Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)) (additional citation omitted).

By its clear terms, the EEOC charge filed by plaintiff with the agency was limited to his April 3, 2003 denial of promotion to the position of Mobile Equipment Shop Superintendent. I see no mention of any prior incidents or continuing discrimination over a long period of time in the EEOC charge. Any incidents that occurred before or after the April 3, 2003 incident specifically referenced in the EEOC charge could <u>not</u> reasonably be expected to grow out of his original complaint. Plaintiff has presented no evidence and the EEOC charge itself provides no indication that the EEOC was constructively or actually aware of any prior or later incidents other than the April 3,

2003 failure to promote, or that the EEOC actually investigated anything other than the single complaint asserted in the charge.

Accordingly, defendant's motion to dismiss must be granted. The only claim of employment discrimination under Title VII as to which this court may exercise jurisdiction is the single denial by defendant of a promotion for plaintiff on or about April 3, 2003 to the position of Mobile Equipment Shop Superintendent, the only claim asserted in the EEOC charge. All other claims under Title VII are dismissed.

Only plaintiff's Title VII claims are affected by this order. Neither the motion nor this order address any of plaintiff's claims under 42 U.S.C. § 1983 or Louisiana state law, so those claims remain pending.

New Orleans, Louisiana, this 21st day of July, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE