

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE H. THOMPSON | CIVIL ACTION |
| VERSUS | NO. 04-2319 |
| BOARD OF COMMISSIONERS<br>OF THE PORT OF ORLEANS | SECTION "F" (2) |

## ORDER AND OPINION ON MOTION

Plaintiff, Jessie H. Thompson, sued his employer, the Board of Commissioners of the Port of Orleans ("the Board"), alleging that he was subjected to race and age discrimination in his employment in violation of federal and Louisiana law. Complaint, Record Doc. No. 1. This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 12.

The Board filed a motion for summary judgment, supported by two affidavits, plaintiff's deposition transcript and a notice of position opportunity dated February 28, 2003.[1] Record Doc. No. 26.

Thompson filed a memorandum in opposition to defendant's motion. Record Doc. No. 32. His memorandum is supported by his own affidavit and several unverified exhibits. Because the memorandum was submitted to the court on August 31, 2005, shortly after Hurricane Katrina devastated New Orleans, and because the difficulties in communication, transportation and filing documents with the court caused by the hurricane are ongoing, the court will assume that all of plaintiff's unverified exhibits could be verified, and will consider them as if verified in connection with plaintiff's opposition, to the extent they are otherwise relevant and admissible.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED.**

---

[1] Although defendant's copy of the notice, Defendant's Exh. D-1, is not verified as required by Fed. R. Civ. P. 56, plaintiff does not dispute the authenticity of the exhibit, and he includes the same notice among his own exhibits. Plaintiff's Exh. P-3. Accordingly, the court will consider the notice to the extent it is otherwise relevant and admissible.

I.  STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

> When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 644 (5th Cir. 1999) (citing Celotex, 477 U.S. at 322-23; quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d

698, 712 (5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323.

The court must consider all evidence in the light most favorable to the nonmoving party. National Ass'n of Gov't Employees, 40 F.3d at 712-13. "Conclusory allegations unsupported by specific facts, however, will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Id. at 713 (quoting Anderson, 477 U.S. at 249).

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards, 148 F.3d at 432; accord Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id. (emphasis in original). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Id. (quotation omitted) (emphasis in original).

II.     PLAINTIFF'S FAILURE TO PROMOTE CLAIMS

Thompson alleges that defendant failed to promote him to the position of Mobile Equipment Shop Superintendent on April 3, 2003 because of his race and age. This allegation raises claims under Title VII, 42 U.S.C. § 2000e-5 et seq.; 42 U.S.C. § 1981; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; and Louisiana anti-discrimination law. La. Rev. Stat. § 23: 301 et seq.

The court has already ruled, in connection with defendant's previously filed partial motion to dismiss, that the scope of plaintiff's claims in this court under Title VII, the ADEA and state anti-discrimination law are limited to the scope of his complaint to the Equal Employment Opportunity Commission ("EEOC"). That complaint alleged race and age discrimination based solely on defendant's failure to promote Thompson on April 3, 2003. Record Doc. No. 25, Order and Opinion on defendant's partial motion to dismiss (citing McDonald v. Southern Diversified Indus., Inc., No. 1:02CV186-D-D, 2003 WL 22244321, at *3 (N.D. Miss. Aug. 5, 2003) (Davidson, C.J.) (claims under Title VII); Thomas v. Texas Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000) (same); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990) (same)); Kojin v. Barton Prot. Servs., 339 F. Supp. 2d 923, 926 (S.D. Tex. 2004) (Rosenthal, J.) (claims under ADEA) (citing Scott v. University of Miss., 148 F.3d 493, 508 (5th Cir. 1998),

5

abrogated on other grounds by Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000)); Mayes v. Office Depot, Inc., 292 F. Supp. 2d 878, 888 (W.D. La. 2003) (Hicks, J.) (claims under Louisiana law)).

In an employment discrimination case under both Title VII and Louisiana law,[2] plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of race discrimination. 42 U.S.C. § 2000e-2(a)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

> In order to overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. A prima facie case of discrimination in a failure to promote or train case consists of four elements: (1) the employee is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; (4) the employer continued to seek applicants with the plaintiff's qualifications. The prima facie case, once established, raises an inference of intentional discrimination, and the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. Once a Title VII claim reaches this pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination.

---

[2]"Courts have continually turned to federal employment discrimination law, including Title VII and the well-developed jurisprudence arising thereunder, for interpretation of Louisiana's anti-discrimination statute." Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir. 1998) (citing Deloach v. Delchamps, Inc., 897 F.2d 815, 818 (5th Cir. 1990); Plummer v. Marriott Corp., 654 So. 2d 843, 848 (La. App. 4th Cir. 1995)); accord Wyerick v. Bayou Steel Corp., 887 F.2d 1271, 1274 (5th Cir. 1989).

Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 354 (5th Cir. 2001) (citing McDonnell Douglas, 411 U.S. at 802-04; Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000); Shackelford v. Deloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999)) (quotation omitted); accord Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004).

The standard of proof for Section 1981 discrimination claims is the same as for Title VII claims. Although the scope of plaintiff's Section 1981 claim is not limited by the scope of his EEOC complaint because his Section 1981 claim is not subject to administrative exhaustion, Hebert v. Monsanto, 682 F.2d 1111, 1112 (5th Cir. 1982); Minor v. Facility Mgmt. of La., Inc., No. 91-4636, 1992 WL 245906, at *4 (E.D. La. Sept. 17, 1992) (Schwartz, J.), plaintiff's Section 1981 claim is analyzed under the same evidentiary framework as his Title VII claims. Pegram v. Honeywell, Inc., 361 F.2d 272, 281 & n.7 (5th Cir. 2004); Roberson v. Alltel Information. Servs., 373 F.3d 647, 651 (5th Cir. 2004); Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000).

Thompson must carry a similar burden of proof under the ADEA. The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

ADEA coverage extends to "[i]ndividuals at least 40 years of age." Id. Thompson is now 60 years old. Plaintiff's unnumbered exhibit, affidavit of Jessie H. Thompson, at ¶11.

> To demonstrate age discrimination a plaintiff must show that (1) he was discharged [or suffered other adverse employment action]; (2) he was qualified for the position; (3) he was within the protected class at the time of [the adverse employment action]; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

Rachid v. Jack In The Box, Inc., 376 F.3d 305, 308-09 (5th Cir. 2004) (citations and quotations omitted).

In the instant case, the Board selected Wilmont Shows for promotion to Mobile Equipment Shop Superintendent, instead of plaintiff. Shows was both Caucasian and younger than plaintiff.[3]

The Board argues initially that Thompson cannot prove one element of his prima facie case of race or age discrimination, i.e., that he was qualified for the promotion that he sought. However, the Board admits in its memorandum in support of its motion for summary judgment that Thompson was one of four applicants who met the minimum

---

[3]Shows's age does not appear in the record but for purposes of this motion the court will assume it was less than 40 years of age.

qualifications for the position. Record Doc. No. 26, at pp. 6, 9. Thus, it appears that Thompson <u>could</u> establish a prima facie case of race or age discrimination.

However, at the next step of the <u>McDonnell Douglas</u> analysis, the Board has submitted competent evidence to establish that it had legitimate, nondiscriminatory reasons for selecting Shows instead of Thompson. Specifically, the Board has presented evidence sufficient to establish that it believed that Shows was better qualified for the job than Thompson.

> Once the Board proffers legitimate, nondiscriminatory reasons for its actions,
>
> plaintiff then bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against [him] because of [his] protected status.
> To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. The plaintiff must rebut each nondiscriminatory reason articulated by the employer.

<u>Laxton v. Gap Inc.</u>, 333 F.3d 572, 578 (5th Cir. 2003) (citing <u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133, 143 (2000)) (additional citations omitted); <u>accord</u> <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981).

The affidavit of Eugene Ryan, the Board's Port Maintenance Superintendent, establishes that he oversees both the Mobile Equipment Shop, also known as the automobile garage, and the heavy equipment shop. Thompson has worked for the Board

for 23 years and has worked in the heavy equipment shop for the last five years. The position of Mobile Equipment Shop Superintendent, for which Thompson applied, involved supervising the automobile garage and the repair and maintenance of the Board's 145 pool vehicles. Defendant's Exh. 2, affidavit of Eugene Ryan, at ¶¶ 1-7.

Ryan avers that he decided not to promote Thompson and instead chose Shows for the position because Shows "had extensive experience in vehicle repair and maintenance, and had been in the automobile garage for 10 years, and . . . was acting on an interim basis as the Mobile Equipment Shop Superintendent . . . for the previous year prior to his promotion." Id. at ¶ 9. By contrast, "Thompson's experience was with bridges, floating equipment, forklifts, and other heavy equipment." Id. at ¶ 10. Thompson states in his own affidavit that his "work experience at the Dock Board has been the bridges, floating equipment, bulldozers and other heavy equipment and all other automobiles." Plaintiff's unnumbered exhibit, Thompson affidavit, at ¶ 4. Ryan believed that Shows would be better able to perform the duties of the Mobile Equipment Shop Superintendent than Thompson would. Defendant's Exh. 2, Ryan affidavit, at ¶ 11.

In addition, Ryan knew in April 2003 that the foreman of the heavy equipment shop was planning to retire and that Thompson would be his logical replacement. Ryan promoted Thompson to foreman of the heavy equipment shop in July 2004 following the

previous foreman's retirement. Id. at ¶¶ 12-13; Plaintiff's unnumbered exhibit, Thompson affidavit, at ¶ 10.

To survive summary judgment in the face of defendant's proffered legitimate reasons for not promoting him, Thompson must provide evidence that he was "'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected." Equal Employment Opportunity Comm'n v. Louisiana Office of Community Servs., 47 F.3d 1438, 1444 (5th Cir. 2005) (citations omitted).

Thus, mere "disparities in qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are so apparent as to virtually jump off the page and slap you in the face." Deines v. Texas Dept. of Prot. & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999) (quotation and citations omitted). The Fifth Circuit has explained:

> The phrase "jump off the page and slap [you] in the face" is simply a colloquial expression that we have utilized to bring some degree of understanding of the level of disparity in qualifications required to create an inference of intentional discrimination. In its essence, the phrase should be understood to mean that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

Id. at 280-81 (citations omitted).

To rebut the Board's proffered legitimate, nondiscriminatory reasons for failing to promote him, Thompson asserts that Shows was "trained by him and younger than him" and that plaintiff "knows that . . . those rejections were because of his age." Plaintiff's unnumbered exhibit, Thompson affidavit, at ¶¶ 8, 11. In addition, Thompson has submitted copies of several certificates establishing that he had completed various training courses since 1979. Plaintiff's Exh. P-4 in globo.

It is undisputed that Thompson was qualified for the job. However, Thompson's evidence fails to raise any question of material fact that he was <u>clearly better qualified</u> for the promotion than Shows. Plaintiff's completion of various vocational courses and his unspecified participation in training Shows in some unspecified tasks for some unspecified length of time at some unspecified date during the previous ten years do not establish that he was <u>clearly better qualified</u> for the superintendent's job at the time of the promotion decision. To the contrary, the competent summary judgment evidence establishes without contradiction that, on the date of the decision, Shows "had extensive experience in vehicle repair and maintenance, and had been in the automobile garage for 10 years, and . . . was acting on an interim basis as the Mobile Equipment Shop Superintendent . . . for the previous year prior to his promotion." Defendant's Exh. 2, Ryan affidavit, at ¶ 9. At that time, based on his knowledge of the experience and skills

of both candidates, Ryan believed that Shows would be able to perform the duties of the Mobile Equipment Shop Superintendent better than Thompson. Id. at ¶ 11.

"Disagreements over which applicant is more qualified are employment decisions in which we will not engage in the practice of second guessing. Even if evidence suggests that a decision was wrong, we will not substitute our judgment . . . for the employer's business judgment." Scott, 148 F.3d at 509-10 (citation omitted). It is irrelevant whether defendant's decision may have been based on incorrect facts, so long as the decision was not motivated by discriminatory animus. Scales v. Slater, 181 F.3d 703, 711 (5th Cir. 1999). "The fact that the employers' [sic] reasonable belief [in its reasons for the adverse employment action] eventually proves to be incorrect . . . would not change the conclusion that the [action] had been non-discriminatory." Moore v. Eli Lilly & Co., 990 F.2d 812, 816 (5th Cir. 1993). Plaintiff's evidence does not raise any dispute of material fact that Ryan's legitimate, nondiscriminatory belief that Shows was better qualified for the promotion than Thompson was even incorrect, much less motivated by discriminatory animus.

Furthermore, Thompson's statement in his affidavit that "[h]e knows that . . . those rejections were because of his age" is not evidence and is nothing but an unsupported, subjective belief. Plaintiff's unnumbered exhibit, Thompson affidavit, at ¶ 11.

Plaintiff's "'subjective belief that [he] was not selected for the [] position based upon race or age is [] insufficient to create an inference of the defendants' discriminatory intent.'" Roberson, 373 F.3d at 654 (quoting Lawrence v. University of Tex., 163 F.3d 309, 313 (5th Cir. 1999)). Such "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted).

Plaintiff has failed to carry his burden to produce admissible evidence that establishes a triable issue of material fact on any element of his Title VII, Section 1981, ADEA and state law discrimination claims in connection with defendant's failure to promote him on April 3, 2003. Accordingly, the Board is entitled to summary judgment in its favor on these claims.

III. **PLAINTIFF'S REMAINING STATE LAW AND SECTION 1981 CLAIMS ARE TIME-BARRED**

All of plaintiff's remaining state law claims and Section 1981 claims of discrimination are time-barred.

Thompson's state law discrimination claims in connection with incidents that allegedly occurred before February 13, 2003 are prescribed. Civil suits for race and age

discrimination under Louisiana law prescribe in one year from the date of the alleged incident. La. Rev. Stat. § 23:303(D).

> However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

Id.

After being denied the promotion to Mobile Equipment Shop Superintendent on April 3, 2003, Thompson filed a charge of age and race discrimination with the EEOC that is dated April 12, 2004. Defendant's Exh. 4, Charge of Discrimination. EEOC complaints must be filed within 300 days of the incident. Mayes, 292 F. Supp. 2d at 888. The Board states in its memorandum that plaintiff's charge was timely and was pending for approximately one year before it was dismissed. These admissions indicate that Thompson's EEOC complaint may have been misdated April 12, 2004 and was actually filed in 2003, shortly after the denial of promotion. Record Doc. No. 26, defendant's memorandum in support of motion for summary judgment, at p.14. Thus, the court will assume that the charge was actually filed on April 12, 2003.

The EEOC dismissed the charge on June 17, 2004. Record Doc. No. 1, Dismissal and Notice of Rights attached to plaintiff's Complaint. More than one year later, plaintiff filed the instant lawsuit on August 13, 2004. Record Doc. No. 1.

"Therefore, the date 18 months [the 12-month prescriptive period plus a maximum of 6 months during which prescription could have been suspended pending the EEOC investigation] prior to the filing of a complaint in state or federal court is the earliest date on which an incident of discrimination could be considered." Mayes, 292 F. Supp. 2d at 888. Any of Thompson's claims that arose prior to that 18-month period, or prior to February 13, 2003, had already prescribed before Thompson filed suit on August 13, 2004. Id. at 888-89.

In addition, to the extent that Thompson has asserted any Section 1981 claims based on defendant's failures to promote him before August 13, 2003 (one year before he filed the instant lawsuit), those claims are barred by the applicable statute of limitations. "Section 1981 does not contain a limitations period. For claims under this section, courts have traditionally applied the relevant state personal injury limitations period. In this case, that would be Louisiana's one-year prescriptive period for tort actions." Johnson v. Crown Enters., Inc., 398 F.3d 339, 342 (5th Cir. 2005) (citing

Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Taylor v. Bunge Corp., 775 F.2d 617, 618 (5th Cir. 1985)).

Thompson avers that the Board denied him promotions three times since 1978.[4] Contrary to plaintiff's argument, defendant's previous failures to promote him cannot, as a matter of law, be the basis of a continuing violation that would revive his time-barred claims.

> [A] one-time employment event, including the failure to hire, promote, or train and dismals [sic] or demotions, is the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued. These discrete adverse actions, although racially motivated, cannot be lumped together with the day-to-day pattern of racial harassment and therefore, if otherwise untimely, cannot be saved by the continuing violation doctrine. An employee who claims to be the victim of a racially motivated failure to promote or train is put on notice that his rights have been violated at the time the adverse employment decision occurs . . . .

Celestine, 266 F.3d at 351-53.

Thus, to the extent that plaintiff alleged in his complaint any state law claims of age or race discrimination based on incidents that occurred before February 13, 2003, those claims under state law have prescribed. Similarly, Thompson's Section 1981

---

[4] Obviously, if plaintiff was 60 years old when he signed his affidavit on August 29, 2005, he was only 27 years old in 1978, and a denial of promotion in that year, or any other year before Thompson turned 40 years old, could not form the basis of an age discrimination claim.

17

claims based on incidents that occurred before August 13, 2003 are barred by the statute of limitations. Accordingly, all of plaintiff's remaining claims must be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED and that plaintiff's claims are DISMISSED WITH PREJUDICE, plaintiff to bear all costs of this proceeding. Judgment will be entered accordingly.

New Orleans, Louisiana, this _____ day of November, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE